# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Sarah Crebassa,<br><br>    Plaintiff<br><br>v.<br><br>Rape Crisis Center,<br><br>    Defendant | Case No.: 2:17-cv-02273-JAD-CWH<br><br>**Order Granting Pauper Application, Screening Complaint, Denying Motion to Consolidate, and Granting Leave to Amend**<br><br>[ECF Nos. 1, 3] |

In late August 2017, Sarah Crebassa commenced eight lawsuits in this court against a wide variety of individuals and organizations.[1] In each, she sought leave to proceed *in forma pauperis* and filed an identical "Motion to Combine Complaints [and] Motion to Amend the Complaints." I denied the request to amend without prejudice while Crebassa's motion to consolidate was under consideration by U.S. District Judge Mahan and U.S. Magistrate Judge George Foley, Jr., who were assigned Crebassa's first-filed action.[2] Magistrate Judge Foley denied the motion in that first-filed case as premature because that case had not yet been screened under 28 U.S.C. § 1915.[3] I now grant Crebassa's application to proceed *in forma pauperis*, screen her complaint under 28 U.S.C. § 1915(e), and deny her motion to consolidate.

---

[1] *Crebassa v. LVMPD*, 2:17-cv-02270-JCM-GWF; *Crebassa v. Manendo*, 2:17-cv-02271-JAD-NJK; *Crebassa v. Ariotta*, 2:17-cv-02272-APG-NJK; *Crebassa v. Rape Crisis Center*, 2:17-cv-02273-JAD-CWH; *Crebassa v. ACLU*, 2:17-cv-02274-RFB-PAL; *Crebassa v. Sandoval*, 2:17-cv-02276-APG-NJK; *Crebassa v. Lockhead*, 2:17-cv-02277-JAD-NJK; *Crebassa v. Citizens Review Board*, 2:17-cv-02278-JCM-PAL.

[2] *Crebassa v. LVMPD*, 2:17-cv-2270-JCM-GWF.

[3] *Id*. at ECF No. 7.

1

**Discussion**

**A.    The pauper application is granted.**

Crebassa has submitted the affidavit required by § 1915(a).[4] I find that she has shown an inability to prepay fees and costs or give security for them. Accordingly, her request to proceed *in forma pauperis* is granted under 28 U.S.C. § 1915(a).

**B.    Screening the complaint**

After granting an application to proceed *in forma pauperis*, courts screen the complaint under 28 U.S.C. § 1915(e). Federal courts can dismiss a case if the action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[5]

To comply with Rule 8 of the Federal Rules of Civil Procedure, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery.[6] Although the court construes complaints drafted by pro se litigants liberally, they still must comply with the basic requirements of Rule 8.[7]

Because the federal courts are courts of limited jurisdiction, federal-court plaintiffs also must plead facts to show that the court has jurisdiction over the case. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[8] "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court."[9] Federal courts have original jurisdiction over "all civil actions arising under the

---

[4] ECF No. 1.

[5] 28 U.S.C. § 1915(e)(2).

[6] *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).

[7] *See, e.g.*, *Montgomery v. Las Vegas Metropolitan Police Dep't*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).

[8] *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

[9] *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Constitution, laws, or treaties of the United States"[10] and in cases where there is complete diversity of citizenship between the parties (the plaintiff and defendant are citizens of different states) and the amount in controversy exceeds $75,000.[11]

In this case, Crebassa has filed a one-page complaint consisting of general grievances that the Rape Crisis Center never helped with her repeated requests for "help, safe place, therapy, to be safe, not cold, in danger being attacked constantly."[12] But Crebassa fails to identify what cause of action she is intending to bring, on what legal theory, and what factual allegations support it. She also fails to explain how I have jurisdiction over any claim that she intends to bring against the Rape Crisis Center. Though I am skeptical that she can offer any of these required elements, because the Ninth Circuit requires courts to liberally allow amendment,[13] I will give Crebassa until July 20, 2018, to file an amended complaint if she can plead this required information and state a plausible claim for relief.

**C.    Consolidation is not supported.**

Crebassa filed her "Motion to Combine Complaints [and] Motion to Amend the Complaints" on September 28, 2017.[14] I now take this opportunity to deny that motion in this case because it is largely nonsensical and fails to establish that relief is warranted. Except for the title, the document offers no hint as to why consolidation is appropriate. And considering that I am already granting Crebassa leave to file an amended complaint, her request to amend is unnecessary.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Crebassa's request to proceed *in forma pauperis* **[ECF No. 1]** is **GRANTED**. Crebassa may proceed without prepayment of the $400

---

[10] 28 U.S.C. § 1331.

[11] 28 U.S.C. § 1332.

[12] ECF No. 1-1.

[13] *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

[14] ECF No. 3.

filing fee, but she remains obligated to pay the full fee even if this case is dismissed and closed. The court reserves the right to set payment terms or a payment schedule for collection of the full filing fee.

IT IS FURTHER ORDERED that Crebassa's Motion to Combine Complaints **[ECF No. 3] is DENIED**, and her complaint is DISMISSED.

**Crebassa has until 4:00 p.m. on July 20, 2018, to file an amended complaint if she can cure the deficiencies that I have identified in this order. If Crebassa does not file an amended complaint by that deadline, or if her amended complaint still fails to state a claim for relief, this case will be dismissed with prejudice and closed without further prior notice.**

Dated: June 19, 2018

_____
U.S. District Judge Jennifer A. Dorsey