UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| SARAH CREBASSA, | Case No. 2:17-cv-02273-JAD-CWH |
| --- | --- |
| Plaintiff, | |
| v. | **SCREENING ORDER AND REPORT AND RECOMMENDATION** |
| RAPE CRISIS CENTER, | |
| Defendant. | |

Presently before the court is pro se plaintiff Sarah Crebassa's amended complaint (ECF No. 7), filed on July 24, 2018.

**I.      BACKGROUND**

Crebassa's original complaint was one-page document consisting of general grievances that the Rape Crisis Center failed to help her with repeated requests for assistance, such as therapy and a safe place to stay.  But Crebassa did not identify a cause of action that she was intending to bring, on what legal theory, and what factual allegations support it.  She also failed to allege facts supporting the court's jurisdiction.  The court therefore dismissed her complaint without prejudice and gave her instructions for amendment.  (Screening Order (ECF No. 6).)

In her amended complaint, Crebassa alleges that Lisa McAllister, the Rape Crisis Center's coordinator, colluded with the Las Vegas Metropolitan Police Department by "gang stalking," committed RICO violations, and intentionally inflicted emotional distress on Crebassa by not assisting her or offering her group counseling.  (Am. Compl. (ECF No. 7) at 1.)  Crebassa then recounts a Biblical story regarding a Canaanite woman and Jesus Christ.  (*Id.* at 2.)  Next, Crebassa states she is distraught by the conspiracy between a senator, her rapist, the police department, "Viper," and Clark County Services.  (*Id.*)  She then states she received a letter from McCallister at the Rape Crisis Center in response to her pleas for help and that McCallister

"blacklist[ed]" her.  (*Id.* at 3.)  Crebassa believes the Rape Crisis Center has a "personal vendetta" against her.  (*Id.* at 4.)  Crebassa attaches a letter from McAllister, which states as follows:

> Hi–
>
> It sounds like you have done a lot of work on your case already.  Unfortunately, our center does not have any authority in criminal cases.
>
> I would recommend that you take this to Sheriff Lombardo at Metro.  You can also take this to the Nevada State Attorney General's Office—their local office can be reached at 702-786-3420.
>
> I am returning the information you send so that you can use it to pursue your case.  I am sorry that I could not help more.

(*Id.* at 7.)

Crebassa describes other events, including how she was hiding and living in a backyard for three months.  (*Id.*)  She also discusses at length various police activities, including her boyfriend being framed, investigative abuses, collusion, stalking, harassing, and warrantless searches, among other things.  (*Id.* at 3-4.)  Crebassa alleges detectives refused to investigate her rape "because she first needs to place her dogs somewhere." (*Id.* at 4.)  These events spanned from 2015 to 2018.  (*Id.* at 5.)  She also attaches various emails and letters, as well as a document regarding the "COPS Gang-Stalking Program" to her complaint.  (*Id.* at 9-33.)  The court now re-screens Crebassa's amended complaint as required by 28 U.S.C. § 1915(e)(2).

## II.   ANALYSIS

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios."  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only

1  dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of
2  his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.
3  2014) (quoting Iqbal, 556 U.S. at 678).

4      Even liberally construing Crebassa's amended complaint, the court finds that her factual
5  allegations describe fantastic and delusional scenarios and do not state a claim upon which relief
6  can be granted. Given that Crebassa was given an opportunity to amend and that her amended
7  complaint does not set forth a plausible claim, it is recommended that the complaint be dismissed
8  with prejudice because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th
9  Cir. 2000) (stating that a district court is not required to provide leave to amend a complaint if the
10  complaint could not possibly be cured by the allegation of other facts).

11  **III.   CONCLUSION**

12      IT IS THEREFORE RECOMMENDED that Crebassa's amended complaint (ECF No. 7)
13  be DISMISSED with prejudice as delusional and frivolous.

14  **IV.   NOTICE**

15      This report and recommendation is submitted to the United States district judge assigned
16  to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation
17  may file a written objection supported by points and authorities within fourteen days of being
18  served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely
19  objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d
20  1153, 1157 (9th Cir. 1991).

22      DATED:  July 22, 2019

24      C.W. HOFFMAN, JR
    UNITED STATES MAGISTRATE JUDGE